UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-08524-SRM-MAR                                           Date:  October 30, 2025

Title:  **Gabriel Simmons v. Terrance Court House**

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED**

## I.
## INTRODUCTION

On September 8, 2025, Gabriel Simmons ("Petitioner"), proceeding pro se, constructively filed[1] a "Petition for Writ of Habeas Corpus."  ECF Docket No. ("Dkt.") 1 at 1.  The Court has screened the Petition pursuant to Habeas Rule 4.  This preliminary review revealed defects in the Petition that warrant dismissal. Accordingly, Petitioner is **ORDERED** to show cause why the Petition should not be dismissed.

## II.
## BACKGROUND

To describe his claim, Petitioner states, "the court imposed an illegal enhancement when Judge K. Scott sentenced me to (5) years with a five-year double." Dkt. 1 at 2.  Petitioner cites Penal Code 1770.2 and 1770.1, Senate Bill 1393, and Senate Bill 567 in support of his claim that the court imposed an "illegal

---

1 Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-08524-SRM-MAR | Date:  October 30, 2025 |
| Title:  **Gabriel Simmons v. Terrance Court House** | |

enhancement." Id. at 6–8.  Petitioner indicated he did not appeal the judgment of conviction in the California Court of Appeal.  Id. at 2.  Petitioner also attaches an order from the Superior Court of California denying his Petition, which was filed pursuant to Penal Code section 1170.2 and 1170.1.  Id. at 2.

# III.
# DISCUSSION

## A. THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  It is not available for errors in the interpretation or application of state law.  Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Here, Petitioner's claims that the trial court erred in applying a sentence enhancement appear to allege errors of state law.  Dkt. 1 at 2–4.  Furthermore, the filing appears to seek relief via a state law mechanism, Cal. Pen. Code § 1170.  Id. at 6–7.  Ultimately, to the extent Petitioner's claims allege a violation or error of interpretation of state law, they are not cognizable on federal habeas review, and this Court does not have the jurisdiction to address them.

## B. PETITIONER'S CLAIMS MAY BE UNEXHAUSTED

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08524-SRM-MAR                                              Date:  October 30, 2025

Title:   **Gabriel Simmons v. Terrance Court House**

the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

Here, it appears the Petitioner's claims are unexhausted.  Although Petitioner appears to have filed multiple appeals to the California Superior Court, which were denied May 13, 2025 and June 12, 2025, he indicates that he has not filed a direct appeal with the California Court of Appeal.  Dkt. 1 at 2.  Petitioner has not, therefore, completed "one complete round" of the state's appellate process.  Id. at 3–4, 12.

To the extent one or more of the claims in the Petition are unexhausted, Petitioner has not requested a stay.  Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.  The "good cause" inquiry is centered on "whether the petitioner can set forth a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08524-SRM-MAR                                                                  Date:  October 30, 2025

Title:   **Gabriel Simmons v. Terrance Court House**

reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014); see also Burton v. Ducart, No. CV 15-7409 DOC (SS), 2016 WL 11520382, at *3 (C.D. Cal. Apr. 20, 2016) (discussing good cause standard).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court.  315 F.3d at 1070-71.  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King v. Ryan, 564 F.3d 1133, 1135.  A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.").  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  Id. at 1141 (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08524-SRM-MAR                                       Date:  October 30, 2025

Title:   **Gabriel Simmons v. Terrance Court House**

Because Petitioner has not sought a stay, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred by the time Petitioner files any amended petition.

Ultimately, the Petition appears subject to dismissal because the Court lacks jurisdiction and the Petition appears unexhausted.  The Court will not recommend dismissal of the Petition, however, without giving Petitioner an opportunity to explain or amend his Petition.

## IV.
## ORDER

Thus, the Court ORDERS Petitioner to respond **no later than December 16, 2025,** by electing one of the following options:

1. File a supplemental statement addressing why the FAP should not be dismissed; or

2. Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-08524-SRM-MAR                                    Date:  October 30, 2025

Title:   **Gabriel Simmons v. Terrance Court House**

     In addition, given the lack of clarity in the Petition, Petitioner may wish to file an amended petition with more detail about his claims.  **The Clerk is instructed to mail Petitioner a copy of the habeas petition form along with this order, which Petitioner is encouraged to use**.  If Petitioner **fails to respond by December 16, 2025**, the Court may recommend that this action be **dismissed with prejudice** for his failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |